**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRETT WALKER, | ) | CASE NO. CV 12-06808 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The familiar law teaches that, when a Social Security claimant alleges that his pain exceeds what would be expected from his impairment, and the claimant is not malingering, then an administrative law judge may discredit those assertions by giving clear and convincing reasons. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*). Subsequent cases have broadened this principle to cover subjective symptoms generally. *See, e.g., Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996) (both pain and fatigue). Relying on this body of law, Plaintiff Brett Walker asserts that the Administrative Law Judge did not properly discredit his subjective symptoms.

Plaintiff does not exactly identify what symptoms are subjective and were improperly addressed by the Administrative Law Judge. It appears that he references pain from his back, grief, and various mental difficulties. (Plaintiff's Memorandum in Support of Complaint at 6). The Court finds no error by the Administrative Law Judge.

Contrary to Plaintiff's assertions, it is not improper for the Administrative Law Judge to rely on the inconsistency between a claimant's assertions and the objective medical evidence, if there are other factors supporting the Administrative Law Judge's determination that the pain is not as disabling as a claimant asserts. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). The Administrative Law Judge noted Plaintiff's assertion of pain, but also noted that Plaintiff had stated that his symptoms were relieved with medication, that Plaintiff had a normal gait, and did not require a cane for walking. [AR 14] The Administrative Law Judge also noted that Plaintiff's treatment for his pain was essentially conservative. [AR 15] This too was a proper factor for the Administrative Law Judge to consider. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *see also Tommasetti v. Astrue,* 553 F.3d 1035, 1039 (9th Cir. 2008); *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). Plaintiff protests that he had been told that surgery would not be helpful, but this does not gainsay the Administrative Law Judge's conclusion that the after-effect of the compression fracture was not as limiting as Plaintiff asserted.

Insofar as Plaintiff's mental health was concerned, it is less clear what subjective symptoms Plaintiff believes were mishandled by the Administrative Law Judge. Plaintiff suffered grief following his wife's death, and had feelings of guilt; these, along with other things such as lack of pleasure sad affect and various hallucinations, were identified by the Administrative Law Judge. [AR 14] He also noted, however, that Plaintiff had stabilized on psychotropic medication, and that he did not receive regular and consistent counseling or psychotherapy, but only medication management on a quarterly basis. [AR 14] To the extent that these are subjective symptoms, the Administrative Law Judge gave ample reasons for assessing them in the way he did.

The decision of the Commissioner is affirmed.

DATED: August 19, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE